UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DARIN SUTTON ET AL,

Plaintiff,

v.

LORI POZUELOS ET AL.,

Defendant.

Case No. 5:25-cv-03544-MRA-MAR

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

## I.

## **INTRODUCTION**

On December 24, 2025, Plaintiffs Darin Sutton and Youtha Baker ("Plaintiffs"), proceeding in forma pauperis ("IFP") and pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("section 1983").  ECF Docket No. ("Dkt.") 1.  The Court has screened the complaint pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons discussed below, the Court dismisses the complaint with leave to amend.

If Plaintiffs desire to pursue this action, they are **ORDERED** to file a First Amended Complaint ("FAC") **within twenty-eight (28) days** of the service date of this Order, **by April 17, 2026.**  If Plaintiffs fail to timely file a First Amended Complaint or fail to remedy the deficiencies of this pleading, the Court may recommend that this action be dismissed without further leave to amend and with prejudice for failure to state a claim and follow the Court's orders.

///

## II.

## SUMMARY OF THE COMPLAINT

**A.    FACTUAL ALLEGATIONS**

Plaintiffs filed a complaint ("Complaint") pursuant to section 1983.  Dkt. 1. Plaintiffs name the following Defendants:

(1) Lori Pozuelos, in her Individual and Official Capacity as an Investigator with the California Department of Insurance; and

(2) Does 1–10, individuals.

Id. at 3.

Plaintiffs allege as follows:

Plaintiffs are independent contractors who completed work in Missouri. Complaint ¶ 15. Plaintiffs filed multiple claims with insurance companies.  Id. ¶ 19. They allege one of the insurance companies filed a "suspected fraud claim" (SFC) regarding Missouri LLC's G Mentality and Deverric and Dillon Remodeling.  Id. ¶ 16. Defendant Pozuelos, an investigator employed by CD and assigned to the California Department of Insurance ("CDI") Fraud Division in Rancho Cucamonga, California was assigned to investigate Plaintiffs' independent contractor work in Missouri.  Id. ¶¶ 11, 15.

Plaintiffs allege that Defendant stated she was unable to locate valid business licenses, legal entities and/or valid state licenses for Deverric and Dillon Remodeling, G Mentality, Frannon Financial Inc., and Frannon Inc.  Id. ¶ 21.[1]  Plaintiffs allege that "Deverric and Dillon Remodeling LLC and G Mentality LLC were listed as construction and remodeling businesses.  Frannon Inc. was listed as a real estate business.  Both types of businesses would require state licensing with the State of California to operate."  Id. ¶ 22.[2]  Plaintiff alleges that Defendants executed various search warrant to investigate whether Plaintiffs' business was a "real business" even

---

[1] It is unclear from the Complaint in what context this statement is alleged to have been made.

[2] It is unclear from the Complaint where the businesses are alleged to be "listed."

after Defendant had already verified with the California Secretary of State as well as the California Department of Real Estate.  Id. ¶ 26.

Plaintiffs allege that Defendant presented "contradictory and misleading testimony" to a grand jury, which led to their April 2023 arrests without probable cause.  Id. ¶ ¶ 30, 32–33.  This testimony apparently represented that Plaintiffs' business Frannon, Inc. was a "fake" business.  Id. ¶ 32.  Plaintiffs further allege that they were not read their "Miranda Rights" after their arrest.  Id. ¶ 36.  They allege that after their arrests, Defendant placed a "lis pendens" on their home so that it could not be used as collateral, and that Plaintiffs were unlawfully detained for four extra days after bail was posted.  Id. ¶ 30–31.  Further, Plaintiffs allege they were approached for questioning again in November 2023 while their lawyer was not present.  Id. ¶ 37. Plaintiffs allege that six co-defendants in the underlying criminal proceedings were dismissed with prejudice.  Id. ¶ 39.

**B.    CLAIMS**

Plaintiff asserts thirteen claims:

(1) Conspiracy;

(2) Unreasonable Seizure of Person;

(3) Excessive Bail;

(4) Unreasonable Seizure of Property;

(5) Deliberate Fabrication of Evidence and Withholding of Material Information;

(6) Malicious Prosecution;

(7) Retaliation;

(8) Intentional Infliction of Emotional Distress;

(9) Assault;

(10)   Battery;

(11)   False Arrest;

3

(12)    False Imprisonment; and

(13)    Abuse of Process.

Dkt. 1 at 11–27.

**C.    RELIEF SOUGHT**

Plaintiff seeks compensatory and punitive damages.  Complaint at 28.

**III.**

**<u>STANDARD OF REVIEW</u>**

Where a plaintiff proceeds <u>in forma pauperis</u>, a court must screen the complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); <u>see</u> <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).

Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory.  <u>See</u>, <u>e.g.</u>, <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d 1097, 1104 (9th Cir. 2008).  A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim.  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228–29 (9th Cir. 1984), <u>abrogated on other grounds by</u> <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).  Although the plaintiff must provide "more than labels and conclusions," <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (<u>per curiam</u>) (citations and quotation marks omitted).

In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it.  <u>Hamilton v. Brown</u>, 630 F.3d 889, 892–93

4

(9th Cir. 2011). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). The court must also construe the pleading in the light most favorable to the pleading party and resolve all doubts in the pleader's favor. See, e.g., Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal.").

If a court finds the complaint should be dismissed for failure to state a claim, a court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130–31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, a court may dismiss without leave to amend. Cato, 70 F.3d at 1105, 1107–11.

## IV.

## DISCUSSION

### A.   PLAINTIFFS SUE IMMUNE DEFENDANT(S)

#### 1. Applicable Law

An "[o]fficial capacity suit[] . . . generally represent[s] only another way of pleading an action against an entity of which an officer is an agent. . . . an official capacity suit is, in all respects other than name, to be treated as a suit against the entity . . . [such a suit] is not a suit against the official personally, for the real party in interest

is the entity." Graham, 473 U.S. at 165-66 (citations and internal quotation marks omitted); see also Community House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 966-67 (9th Cir. 2010) (an official capacity suit is treated as a suit against the entity). A plaintiff may seek monetary damages under section 1983 from state employees in their individual capacity. See Adler v. Lewis, 675 F.2d 1085, 1098 (9th Cir. 1982) ("State officials must be sued in their individual capacity in an action for monetary damages."). However, because "a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself," state officials sued in their official capacity, like the State itself, are generally entitled to immunity in a section 1983 action. Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007) (citation omitted).

The Supreme Court has "recognized one vital exception to this general rule: When sued for prospective injunctive relief, a state official in his official capacity is considered a 'person' for § 1983 purposes," and the Eleventh Amendment will not bar such relief. Id. at 825. As the Supreme Court explains, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989) (quoting Graham, 473 U.S. at 167 n.14). Accordingly, a suit for prospective injunctive relief against a state employee in his official capacity may be cognizable when properly pled. Doe v. Lawrence Livermore Nat. Lab., 131 F.3d 836, 839(9th Cir. 1997); see also Hason v. Med. Bd. of California, 279 F.3d 1167, 1171 (9th Cir. 2002) ("[T]he Eleventh Amendment does not bar suits for prospective injunctive relief brought against state officers 'in their official capacities, to enjoin an alleged ongoing violation of federal law.'") (quoting Agua Caliente Band of Cahuilla Indians v. Hardin, 223 F.3d 1041, 1045 (9th Cir. 2000)).

6

Prosecutors have absolute immunity to suits under section 1983 when the prosecutor acts within the scope of his or her authority and in a quasi-judicial capacity. Ybarra v. Reno Thunderbird Mobile Home Vill., 723 F.2d 675, 678 (9th Cir. 1984) (citing Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976)). However, prosecutors are not immune to suits for actions outside of this scope. Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (finding that prosecutors were not "immune for any actions that [were] wholly unrelated to or outside of their official duties"). Accordingly, whether a prosecutor is entitled to absolute immunity turns on the nature of their actions, not necessarily whether they have committed misconduct. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1030 (9th Cir. 2003) ("A prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is a violation of due process . . . It is, nonetheless, an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages." (citing Imbler, 424 U.S. at 431–32 n.34)); Burns v. Reed, 500 U.S. 478 (1991) (prosecutor absolutely immune for functions performed in probable cause hearing).

### 2.    Analysis

Here, Plaintiffs' Complaint names Pozuelos in her individual and official capacity as an Investigator for the California Department of Insurance. Plaintiffs seek monetary relief. Pozuelos is immune from suit for monetary relief in her official capacity. Flint, 488 F.3d at 824–25. Therefore, the claims brought against Pozuelos in her official capacity are dismissed. However, it is not clear to the Court which claims Plaintiffs bring against Pozuelos in her individual capacity. In any amended Complaint Plaintiffs should clearly identify which claims are brought against Pozuelos in her individual capacity and the grounds on which each claim is brought. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) ("[T]he 'short and plain statement'

7

[required by Rule 8] must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'").

Plaintiffs' Complaint also names Does 1–10 as "unknown prosecutors" who worked with Pozuelos to "secure indictments against Plaintiffs." Complaint ¶ 50. Therefore, it is likely that Does 1–10 would also be immune from suit. Burns, 500 U.S. 478. However, the Court cannot determine whether Does are immune because Plaintiffs fail to allege any actions taken by Does to "secure indictments." Therefore, the claim against Does is dismissed for (1) failure to comply with Rule 8 and (2) failure to state a claim upon which relief can be granted. Dura Pharms., Inc., 544 U.S. at 346.

### B. PLAINTIFF'S CLAIMS APPEAR TIME-BARRED

The statute of limitations for section 1983 claims is the applicable state statute of limitations for personal injury actions. Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009). California's statute of limitations for personal injury actions is two (2) years from the date the action accrues. Cal. Civ. Proc. Code § 335.1. A section 1983 "cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. Thus, '[a]n action ordinarily accrues on the date of the injury.'" Belanus v. Clark, 796 F.3d 1021, 1025 (9th Cir. 2015), cert. denied, 137 S. Ct. 109, reh'g denied, 137 S. Ct. 489 (2016) (citing Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996)); see also Wallace v. Kato, 549 U.S. 384, 388 (2007) (holding federal law determines when a cause of action accrues and when the statute of limitations begins to run for a section 1983 claim). However, in certain circumstances, the statute of limitations may be tolled. A federal court must give effect to a state's tolling provisions to the extent that they are not inconsistent with federal law. Lukovsky v. City & Cty. of San Francisco, 535 F.3d 1044, 1051 n.5 (9th Cir. 2008) (citing Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002)).

Here, Plaintiffs bring claims apparently related to acts that occurred in 2022 and 2023.  See, e.g., Complaint ¶ 134.  To the extent Plaintiffs bring claims concerning events from 2022 and 2023, because these events occurred over two years ago, claims based on these events appear barred by the two-year statute of limitations.  See Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations of personal injury actions).  In any amended complaint, Plaintiffs should clearly identify the dates for the relevant incidents and explain any basis for tolling of the statute of limitations.

**V.**

**LEAVE TO FILE AN AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, **IT IS ORDERED THAT by April 17, 2026,** Plaintiffs must choose one (1) of the following three (3) options:

1.    Plaintiffs may file a First Amended Complaint to attempt to cure the deficiencies discussed above.  If Plaintiffs choose to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiffs shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint.  **In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.**

**The Clerk of Court is instructed to mail Plaintiffs a blank Central District civil rights complaint form to use for filing an Amended Complaint, which the Court encourages Plaintiffs to use.  The Clerk of Court is also directed to mail Plaintiffs a copy of the Complaint, Dkt. 1, for their reference.**

9

Plaintiffs are advised that this Court's determination that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim.  Accordingly, although this Court believes that Plaintiffs have failed to plead sufficient factual matter in their pleading, accepted as true, to state a claim to relief that is plausible on its face, Plaintiffs are not required to omit any claim or defendant in order to pursue this action.  However, if Plaintiffs decides to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges

2.      Alternatively, Plaintiffs may file a notice with the Court that they intend to stand on the allegations in their Complaint.  If Plaintiffs choose to stand on the Complaint despite the deficiencies in the claims identified above, then the Court will submit a recommendation to the assigned district judge **that the Complaint be dismissed with prejudice for failure comply with Rule 8**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

3.      Finally, Plaintiffs may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if they choose to voluntarily dismiss the action.**

**Plaintiffs are explicitly cautioned that failure to timely file an Amended Complaint may result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  March 20, 2026

HONORABLE MARGO A. ROCCONI
United States Magistrate Judge

11